CITY ATTORNEY'S OFFICE
JUDITH R. BAUMANN #015012
CHRISTOPHER B. DAVIS #027887
MICHAEL R. NIEDERBAUMER #031931
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
Phone: (480) 350-8227
Fax: (480) 350-8645
Cityattorney_administrator@tempe.gov

*Attorneys for Defendants City of Tempe and Matthew Feddeler*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| FERNANDO DEL CASTILLO and BERTHA GUERRERO individually and as successor in interest to Austin Del Castillo, deceased. | No. CV 214-1945-PHX-DLR |
| Plaintiffs, | **DEFENDANTS' MOTION *IN LIMINE* REGARDING THE TESTIMONY OF ROGER CLARK REGARDING MATTERS NOT INCLUDED IN HIS REPORT AND LEGAL CONCLUSIONS** |
| v. | |
| CITY OF TEMPE; MATTHEW FEDDELER, et al., | |
| Defendants. | |

Defendants City of Tempe (hereinafter "Tempe") and Tempe Police Officer Matthew Feddeler (hereinafter "Officer Feddeler") (together as "Defendants"), by and through undersigned counsel, hereby move this Court, *in limine*, to preclude from trial any testimony of Roger Clark, Plaintiff's named expert, on matters not included in his report (Doc. 60-2) and which would constitute legal conclusions. Testimony outside of his report and provided after time for disclosures prejudices Defendants in that there was no

time left for discovery on those issues.  It is highly inappropriate and impermissible to allow an expert to provide a jury with legal conclusions.

## I.   BRIEF FACTUAL BACKGROUND

At 8:24 a.m. on September 12, 2013, Austin Del Castillo ("Austin") was armed with a box cutter in front of the Chili's Restaurant at the corner of University Drive ("University") and Mill Avenue ("Mill") in Tempe, Arizona.  Austin was reported to have committed several violent felonies at the point of a box cutter.  He aggravatedly assaulted Jessica Storm by jumping in front of her vehicle, displaying the box cutter, and slamming her vehicle as she passed.  He chased Jacquelynn Savin and Nikea Hamilton across 5th Street and Mill while holding the box cutter out in front of him; forcing the women to seek protection in Starbucks. While brandishing the box cutter, he reportedly chased people southbound on Mill, threating to kill them. A 911 caller claimed to have been threatened by a man with a knife. Officer Feddeler responded to University and Mill and approached Austin in front of the Chili's Restaurant. When he approached Austin, Officer Feddeler knew that Austin was reported to have chased people and threatened to kill them with a knife. Officer Feddeler, pursuant to his training, approached Austin with his firearm drawn and ordered Austin to drop the knife and get on the ground. Austin refused to get on the ground, but stood up, began to cut his left wrist, and told Officer Feddeler that "you need to get more cops here." Officer Feddeler radioed dispatch that he had a subject with a knife at gunpoint at the Chili's Restaurant.   Soon thereafter, Officer Camiliere and Sgt. Willcoxson arrived on the scene. Sgt. Willcoxson, a crisis negotiator, attempted to engage Austin in conversation and de-escalate the situation; Austin rejected

this help and stated something like "my dad molested me" and "I don't need any of the fucking shit, fuck off!" Office Feddeler hoped that the officers could deploy a Taser so that Austin could be safely taken into custody.

Austin had other plans.

At the request of Officer Feddeler, Officer Camiliere un-holstered his Taser and pointed it at Austin.  Having seen Officer Camiliere with a Taser, Austin shouted "no, no, no" and, from 25 feet away, charged Officer Feddeler with the box cutter in his outstretched right hand.  Police training teaches that weapons like box cutters, knives, screwdrivers and ice picks can be used as lethal weapons. As Austin charged at Officer Feddeler with a box cutter in an outstretched right hand, Officer Feddeler feared that serious bodily injury or death to himself or others was imminent; Officer Feddeler fired five shots from his firearm and struck Austin 3 times, fatally wounding him. The entire incident was very brief, intense, dynamic and perceived by all of the officers to be life threatening.[1]

Officer Camiliere never had the opportunity to deploy his Taser as he was outside the Taser's range when Austin began to charge Officer Feddeler.

As this case proceeded, this Court issued an Amended Scheduling Order (Doc. 37) which, among other things required the following: (1) Full disclosure of Plaintiffs' experts on or before November 5, 2015; (2) Full disclosure of Defendants' experts on or before November 5, 2015; (3) Rebuttal expert disclosures on or before January 5, 2016; and, (4) Expert Depositions to be conducted before February 28, 2016.  Plaintiffs timely disclosed

---

[1] From the time Officer Feddeler arrives at the Chili's Restaurant until shots are fired, 47 seconds elapse. (DSOF ¶ 133).  From Officer Feddeler's announcement that he had Austin at gunpoint until shots are fired, 37 seconds elapse. (DSOF ¶¶ 134).

the report of Mr. Clark.  Plaintiffs never disclosed a rebuttal report from Mr. Clark or anyone else.  Defendants took Mr. Clark's deposition on February 22, 2016.

On or about March 21, 2016, Defendants filed a Motion for Summary Judgment (Doc. 57) and their Statement of Facts in Support of their Motion for Summary Judgment (Doc. 58).  On or about April 14, 2016 Plaintiffs filed their Opposition to Defendants' Motion for Summary Judgment (Doc. 60).  Attached to Plaintiffs' Opposition was an Affidavit from Roger Clark, dated April 14, 2016, which included several opinions not included in his original report and were not mentioned in his deposition.

## II.    LAW AND ARGUMENT

Paragraphs 7-14, 17-20, 27-29d, 29h, 29j-o of Doc. 60-12 contain opinions and standards not included in Mr. Clark's report.  These opinions should be stricken from the record as they were provided after the disclosure and discovery deadlines set forth by this Court (Doc. 37) and Fed.R.Civ.P. 26(a)(2)(D) and 26(e). Rebuttal expert reports were due on or before January 5, 2016 and prior to the expert deposition deadline of February 28, 2016. Doc. 60-12 was executed and delivered April 14, 2016 or 3 months beyond the rebuttal expert deadline and a month and a half after the deadline to take expert depositions.  Plaintiffs should not be able to amend expert opinion after the deadlines and after the deposition of said expert.  By doing so, Defendants have and will be prejudiced due to their inability to challenge said opinions during the discovery process.

The Affidavit, and to some extent the report, provides legal conclusions inappropriate for expert testimony. Paragraphs 16 and 22 state that a warning should be provided, when feasible. This is the legal standard of *Tennessee v. Garner*, 471 U.S. 1, 11-

12 (1985). Paragraphs 17, 24-25 and 29 parrot the objectively reasonable standard of *Graham v. Connor*, 490 U.S. 386, 388 (1989).  Paragraph 26 sets forth the immediate threat of safety standard of *Garner*, 471 U.S. 1, 11-12.  Plaintiffs have provided no evidence that the use of force provisions of AZ POST or the City of Tempe's Police department are different than the legal standards set forth above. Therefore, "Mr. Clark's statements [are] legal conclusion[s]" which constitute "inappropriate expert testimony." *Ortega v. City of Oakland*, 2008 WL 4532550, n.5, N.D. Cal. No. C07-02659 (N.D. Cal Oct. 8, 2008), citing *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("an expert witness cannot give an opinion as to her legal conclusion" and if the training standards are no different than the legal standard, an opinion that one violated the standards is a legal conclusion).  Therefore, Mr. Clark's Opinions regarding such matters should not be permitted in evidence.

DATED this 10th day of November, 2016.

/s/ Michael R. Niederbaumer
Michael R. Niederbaumer, Assistant City Attorney
Judith R. Baumann, City Attorney
CITY ATTORNEY'S OFFICE
21 E. Sixth Street, Suite 201
P.O. Box 5002
Tempe, Arizona 85280
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2016, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and a copy of same via US Mail to the following CM/ECF Registrant(s):

Dale K. Galipo
Renee Valentine
Law Offices of Dale K. Galipo
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
*Attorneys for Plaintiffs*

*/s/ Brenda J. Peeler*